IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James C. A. Mobley, | : | |
| Plaintiff | : | Civil Action 2:13-cv-01130 |
| v. | : | Judge Watson |
| Ohio Department of Rehabilitation and Correction, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

**Report and Recommendation**

This matter is before the Magistrate Judge on defendant Ohio Department of Rehabilitation and Correction's ("ODRC") February 12, 2014 motion to dismiss for failure to state a claim (doc. 25).

<u>Allegations in the Complaint</u>. The complaint in this case refers to the complaint filed in Case No. 2:13-cv-00286. In addition to money damages, plaintiff seeks to be relieved of his sentence and conviction and to be released from prison.

The complaint in Case No. 2:13-cv-00286 makes the following allegations. Corrections officers, none of who are named as defendants in Case No. 2:13-cv-01130, falsely reported that plaintiff violated institution rules causing him to be placed in segregation. Supervisors, who also are not named as defendants in Case No. 2:13-cv-01130, enforced the misconduct of the corrections officers and authorized his placement

1

in segregation. A staff member of the mental health department refused to help him deal with the stress he was undergoing as a result of the misconduct of the correction officers. His request for placement in protective custody was denied. Grievances concerning these incidents were also denied.

The complaint further alleges that items of Mobley's property were removed. He was improperly transferred to another cell. Mobley was subjected to having cell lights on continuously for 19-20 hours a day, seven days a week while in isolation. Mobley was ordered to perform mandatory work detail. Mobley's legal mail was open when he was not present. Mobley was placed in segregation because the mandatory work detail had been placed on him. Corrections officers continued to write false conduct reports about him to justify placing him in segregation. Mobley was placed in a dry cell without running water or a toilet. He was given plastic bottles to use as bed pans.

The complaint further alleges that the Rules Infraction Board found him guilty based on false allegations. Corrections officers threatened and assaulted Mobley. His signature was forged on a document indicating that he had refused to attend a Rules Infraction Board Hearing. Corrections officers interfered with his ability to sleep and repeatedly placed him in segregation. Mobley feared for his safety and expressed his concerns about retaliation from staff. He complained about black mold in the showers. Plaintiff was denied medical services, and the doctor took away his knee brace.

<u>Arguments of the Parties</u>. ODRC argues that plaintiff's complaint is devoid of any facts. Plaintiff seeks to revive a previously dismissed case (Case No. 2:13-cv-00286),

but he fails to provide any new facts or allegations and any basis for relief. ODRC argues that the Eleventh Amendment proscribes suit against the state in federal court unless that the state has waived its sovereign immunity. Because the ODRC has not consented to being sued in this Court, it argues that this action is barred by the Eleventh Amendment.

In response to ODRC's motion to dismiss, plaintiff points to his proposed amended complaint (doc. 21). The allegations in his motion to file an amended complaint include misdiagnosing plaintiff and denying him medical care in January 2008, placing mandatory work on plaintiff, writing conduct reports against him for refusing mandatory work and placing him in segregation, denying plaintiff the ability to use the bathroom, issuing false conduct reports against him, placing him in a dry cell, taking or allowing other inmates to take his property, physically assaulting plaintiff in March 2011, and refusing plaintiff access to the grievance procedure.

<u>Discussion.</u> The Eleventh Amendment prohibits a federal court from hearing a damages claim against a state unless Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. Congress did not abrogate state immunity when it enacted 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). ODRC is the only named defendant in this action, and ODRC is not a "person" within the meaning of § 1983. *Id.* Defendant Ohio Department of Rehabilitation and Correction is not an entity that can be sued. It is an arm of the state, and the State is immune under the Eleventh

Amendment from suits against it.  *See id.*; *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993).

As a result, the Magistrate Judge RECOMMENDS that defendant Ohio Department of Rehabilitation and Correction's ("ODRC") February 12, 2014 motion to dismiss for failure to state a claim (doc. 25) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                  s/Mark R. Abel  
                                                  United States Magistrate Judge