UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James C. A. Mobley,

    Plaintiff,

v.

The State of Ohio Department
of Rehabilitation and Correction,

    Defendant.

Case No. 2:13-cv-1130

Judge Michael H. Watson

## OPINION AND ORDER

James C. A. Mobley ("Plaintiff"), proceeding *pro se*, brings this action against the State of Ohio Department of Rehabilitation and Correction ("ODRC" or "Defendant") alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim. ECF No. 25. On March 24, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending dismissal. ECF No. 34. Plaintiff now objects to the R&R, ECF No. 36. For the following reasons, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R.

### I. FACTS

Plaintiff is currently incarcerated at Ross Correctional Institution in Chillicothe, Ohio. He brings this action against ODRC, alleging it, among other things: opened his legal mail; interfered with his ability to sleep; was denied

medical services; misdiagnosed him and denied him medical care in January 2008, placed mandatory work on him, wrote conduct reports against him for refusing mandatory work and placed him in segregation, denied him the ability to use the bathroom, issued false conduct reports against him, placed him in a dry cell; took or allowed other inmates to take his property; physically assaulted him in March 2011; and refused him access to a grievance procedure. R&R 3, ECF No. 34.[1]

## II.   STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The motion at issue is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a

---

[1] These facts are taken both from Plaintiff's original complaint and his motion to amend his Complaint, ECF No. 21. Because the Court finds these facts fail to state a claim, amendment would be futile, and the Court therefore **DENIES** Plaintiff's motion to amend, ECF No. 21.

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged. . . ." *Id*. at 557–58 (internal citations omitted). Moreover, because Plaintiff proceeds *pro se*, the Court construes his Complaint "more liberally than pleadings drafted by lawyers." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).

### III. ANALYSIS

Plaintiff argues ODRC's actions violated his constitutional rights pursuant to 42 U.S.C. § 1983.

ODRC moves to dismiss Plaintiff's claim on the ground that it is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State." U.S. Const. Amend. XI. "It has long been settled that the Eleventh Amendment applies not only to suits brought against a State by a citizen of 'another State,' but also to suits brought by a citizen against the State in which he or she resides." *Lee Testing & Engineering, Inc. v. Ohio Dept. of Transp.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012).

> The Eleventh Amendment, as interpreted by the Supreme Court, bars an action for damages in a federal court against a State, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. The same immunity applies to an instrumentality of the state, such as a state official sued in his or her official capacity . . . . It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. And the State of Ohio has not waived its immunity from suits for money damages, except to the extent that such claims are allowed to be brought in the Court of Claims of Ohio. See R.C. 2743.03. Ohio has not waived its Eleventh Amendment immunity from suits for money damages in federal court.

*Id.* at 725–26.

It is well established that ODRC is a division of the State of Ohio for purposes of sovereign immunity. *See, e.g.*, *Stoutamire v. Dept. of Rehab. and Corr.*, No. 2:10–cv–00645, 2011 WL 1233469, at *2 (S.D. Ohio March 29, 2011).

Accordingly, the Magistrate Judge found that ODRC is immune from Plaintiff's claims. As ODRC is the only named Defendant in the instant action, and sovereign immunity precludes Plaintiff's allegations from stating a claim against ODRC, the Magistrate Judge recommended Plaintiff's Complaint be dismissed.

Plaintiff objects to this recommendation, ECF No. 36, but does not provide any specific reasons explaining why the Magistrate Judge erred in his conclusions. Indeed, the Court finds the Magistrate Judge correctly concluded that Defendant is entitled to sovereign immunity and Plaintiff's claims against it must therefore be dismissed.

Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R. The case is hereby **DISMISSED WITH PREJUDICE**. The Clerk shall remove ECF Nos. 5, 7, 10, 16, 18, 19, 21, 22, 25, 28, 29, 30, and 31 from the Civil Justice Reform Act Motions Report.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT